UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOPEZ WATSON-SIMMS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:18-cv-1216-DDN |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion for leave to proceed *in forma pauperis*, filed by petitioner Lopez Watson-Simms, Jr. The motion will be granted, and the petition will be dismissed without prejudice.

Petitioner commenced this action on July 23, 2018 by filing a document titled "Petition for Writ of Habeas Corpus," which he averred he was filing pursuant to 28 U.S.C. § 2243. He avers that his petition relates to a criminal case that is currently pending in the Circuit Court of St. Louis County, *State v. Lopez J. Watson Simms*, No. 18SL-CR00863-01 (21st Jud. Cir. 2018). There, petitioner is facing one count of First Degree Murder, three counts of Armed Criminal Action, one count of First Degree Assault, and one count of First Degree Burglary. He is represented by retained counsel.

In the instant petition, petitioner asks this Court to issue a writ of habeas corpus requiring Julia Childrey, the warden, to bring him before the court "to test the lawfulness of the constitutionality of the prosecution in this matter." (Docket No. 1 at 1). He states he invokes his right to a trial by jury, and to "face one, a living, flesh and blood injured party who made a

formal written complaint against him." *Id.* at 2. He states he "is the victim of deprivation of rights under color of law, pursuant to 42 U.S.C. § 1983 and the Constitution." *Id.*

The Court construes the instant petition as one brought pursuant to the general federal habeas corpus statute, 28 U.S.C. §§ 2241-2243.[1] Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). Even so, federal courts are reluctant to grant pre-trial habeas relief, and in most cases will not consider claims that can be raised at trial and in subsequent state proceedings. *See id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies and federal intervention is warranted. *Id.; see also Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981). Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999) (double jeopardy).

The doctrine of federal abstention as set forth in *Younger v. Harris*, 401 U.S. 37 (1971), is also relevant here. *See Davis*, 643 F.2d at 525. *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010).

---

[1] To the extent petitioner seeks relief pursuant to 28 U.S.C. § 2254, the petition is subject to dismissal because petitioner is not in custody under a state court judgment.

2

Here, the grounds raised by petitioner do not constitute the special circumstances warranting federal intervention. Petitioner's allegations are conclusory at best. He alleges no facts which, if proved, would demonstrate he has been deprived of any federally-protected right. *See Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (the petition must contain enough facts to state a claim as a matter of law, and must not be merely conclusory). Most importantly, petitioner's claims can be adequately raised with his retained counsel during his criminal trial and subsequent state proceedings. In addition, the Court will abstain under *Younger,* as all of the relevant factors are present and petitioner sets forth no non-conclusory allegations of any extraordinary circumstances that would make abstention inappropriate.

The Court has also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). Because petitioner herein has made no such showing, the Court declines to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

3

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of September, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE